IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK P. SMITH, | No. C 07-5425 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| vs. | |
| ROBERT L. AYERS, JR., Warden, | |
| Defendant. | |

Plaintiff, an inmate of San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

**DISCUSSION**

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff's entire statement of his claim is "for head injur[]ies sustained Jan. 2006." This is far from sufficient to proffer "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 127 S. Ct. 1955 at 1986-87. Plaintiff has twice underlined an instruction in the form complaint that tells plaintiffs not to include "legal arguments" or cite any cases, but that is not the defect of plaintiff's claim – what is missing is factual allegations that would state a plausible claim. Plaintiff must amend to provide facts sufficient to make it plausible that his constitutional rights were violated, and plausible that the named defendant, the warden, was responsible for the constitutional violation.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

2

1  (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2  Failure to amend within the designated time will result in the dismissal of these claims.

3      2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

4  informed of any change of address by filing with the clerk a separate paper headed "Notice of

5  Change of Address." Papers intended to be filed in this case should be addressed to the clerk

6  and not to the undersigned. Petitioner also must comply with the Court's orders in a timely

7  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

8  pursuant to Federal Rule of Civil Procedure 41(b).

9      **IT IS SO ORDERED.**

11  Dated: November __26__, 2007.                              _____
                                                                WILLIAM ALSUP
12                                                              UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.07\SMITH5425.DWL.wpd

3

United States District Court
For the Northern District of California