IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK P. SMITH, | No. C 07-5425 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| ROBERT L. AYERS, JR., Warden, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff, an inmate of San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. After the complaint was dismissed with leave to amend, plaintiff filed a timely amended complaint.

**ANALYSIS**

Plaintiff's claim is that due to unsafe conditions in the prison yard, he fell and hit his head and needed stitches. He states that he did not exhaust his administrative remedies on this claim because "this was not a grievable matter after injury" (Amend. Compl. 2).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." 15 Cal. Code Regs. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Id.* Plaintiff states in his amended complaint that he did not exhaust his claims (Amend. Compl. 2). His allegation that the claims are not "grievable" are incorrect, as he may file administrative grievances concerning "any" prison "condition." 15 Cal. Code Regs. § 308.41(a). The fact that plaintiff seeks money damages, which are not available via the prison administrative grievance procedure does not excuse his obligation to exhaust his claims. *See Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006) (citing *Booth*, 532 U.S. at 734) (holding that even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, prisoner must still exhaust administrative remedies). Because it is clear from the amended complaint that plaintiff has conceded to not exhausting his claims, the claims must be dismissed.

**CONCLUSION**

This case is **DISMISSED** without prejudice to filing a new case after exhausting. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   26  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\SMITH5425.DSM-EXH.wpd